| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br>WALDMAN & KAPLAN, P.A.<br>By: Farha Ahmed, Esquire<br>174 Nassau Street, Suite 313<br>Princeton, NJ 08542<br>PO BOX 5162 Largo FL 33779<br>Telephone: 884-899-4162<br>Facsimile: 884-882-4703<br>Attorneys for Secured Creditor: Partners for Payment Relief DE IV, LLC | |
| In Re:<br><br>Kirsten Harris<br><br>Debtor | Case No.:      19-32845-CMG<br>Chapter:       13<br>Hearing Date:  05/06/2020<br>Judge:         Christine M. Gravelle |

## NOTICE OF MOTION TO DEEM LATE FILED PROOF OF CLAIM AS TIMELY FILED

TO:

*Debtor*
Kirsten Harris
1201 Bluebell Drive
Jackson, NJ 08527

Kirsten Harris
c/o James J. Cerbone
2430 Highway 34, Building B
Suite 22
Wall, NJ 08736

*Trustee*
Albert Russo
Standing Chapter 13 Trustee
CN 4853
Trenton, NJ 08650-4853

*U.S. Trustee*
U.S. Trustee
US Dept of Justice
Office of the US Trustee
One Newark Center Ste 2100
Newark, NJ 07102

DEAR SIRS AND MADAMS:

PLEASE TAKE NOTICE that on **May 6, 2020 at 9:00 a.m.**, or as soon thereafter as counsel may be heard, the undersigned attorney for the Secured Creditor, Partners for Payment Relief DE IV, LLC ("Secured Creditor") will move before the United States Bankruptcy Court, District of New Jersey, for an Order Deeming Late Filed Proof of Claim as Timely Filed.

PLEASE TAKE FURTHER NOTICE that if you wish to contest this Motion, you must file a written response with the Clerk of the Bankruptcy Court and serve a copy of the responding papers upon the undersigned at least seven (7) days before the date of the hearing.

PLEASE TAKE FURTHER NOTICE that the undersigned hereby waives oral argument and relies upon the Certifications in support of this Motion unless the matter is contested.

**RESPECTFULLY SUBMITTED,**

**Waldman & Kaplan, P.A**
174 Nassau Street, Suite 313
Princeton, NJ 08542
Telephone: 844-899-4162
Facsimile: 844-882-4703
Email: farha@dwaldmanlaw.com
Attorneys for Secured Creditor

By: /s/ Farha Ahmed
Farha Ahmed, Esq.
Attorney ID # 01062-2009

Date: April 2, 2020

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br>WALDMAN & KAPLAN, P.A.<br>By: Farha Ahmed, Esquire<br>174 Nassau Street, Suite 313<br>Princeton, NJ 08542<br>PO BOX 5162 Largo FL 33779<br>Telephone: 884-899-4162<br>Facsimile: 884-882-4703<br>Attorneys for Secured Creditor: Partners for Payment Relief DE IV, LLC | |
| In Re:<br><br>Kirsten Harris<br><br>Debtor | Case No.:       19-32845-CMG<br>Chapter:        13<br>Hearing Date:  05/06/2020<br>Judge:          Christine M. Gravelle |

## CERTIFICATION OF COUNSEL IN SUPPORT OF MOTION TO DEEM LATE FILED PROOF OF CLAIM AS TIMELY FILED

The undersigned, attorney for Secured Creditor, Partners for Payment Relief DE IV, LLC, does hereby certify:

1. I am an attorney at law of the State of New Jersey and an associate with the law firm of Waldman & Kaplan, P.A.

2. Secured Creditor is Partners for Payment Relief DE IV, LLC, (hereinafter "Secured Creditor").

3. On or about December 6, 2019, the Debtor filed a voluntary petition under Chapter 13 for Bankruptcy relief.

4. Secured Creditor, Partners for Payment Relief DE IV, LLC's, Proof of Claim was due on February 14, 2020.

5. Secured Creditor unfortunately and inadvertently missed this bar date, but as the second lienholder, holding a valid and perfected mortgage on the property located at 1201 Bluebell Drive, Jackson Township, NJ 08527, Secured Creditor must be accounted for within the claim.

6. Secured Creditor has retained the undersigned law firm to represent its interests in this matter.

7. Secured Creditor's proposed proof of claim was filed on April 2, 2020 in the amount of $12,036.64 as potential Claim Number 4.

8. Secured Creditor does not bring forth this claim in bad faith and neither the Petitioner nor creditors will be prejudiced by the granting of this motion.

9. Secured Creditor's late proof of claim filing was the result of a secretarial and office error between the servicer and lender. The subject loan was misplaced in the servicer's system and, as such, the bankruptcy filing was overlooked.

10. The moment this mistake was discovered, Secured Creditor contacted the undersigned counsel to rectify the situation.

11. Secured Creditor's oversight amounts to excusable neglect due to office error and is relatively harmless as Secured Creditor is only a few weeks late in filing its Proof of Claim.

12. Further, the Proposed Plan in this matter has not yet been confirmed, and as such, there is still ample time for Secured Creditor to file its claim.

13. Bankruptcy Rule 9006(b)(1) gives the court the discretion to enlarge the time to file claims where the failure to act was the result of excusable neglect.

14. In the interest of judicial administration Secured Creditor respectfully request that this honorable court deem the Secured Creditor's Proof of Claim as timely filed or in the alternative allow the Trustee to file Secured Creditor's Proof of Claim in accordance with the Bankruptcy code.

15. I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**RESPECTFULLY SUBMITTED,**

**Waldman & Kaplan, P.A**
174 Nassau Street, Suite 313
Princeton, NJ 08542
Telephone: 844-899-4162
Facsimile: 844-882-4703
Email: farha@dwaldmanlaw.com
Attorneys for Secured Creditor

By: /s/ Farha Ahmed
Farha Ahmed, Esq.
Attorney ID # 01062-2009

Date: April 2, 2020

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)
WALDMAN & KAPLAN, P.A.
By: Farha Ahmed, Esquire
174 Nassau Street, Suite 313
Princeton, NJ 08542
PO BOX 5162 Largo FL 33779
Telephone: 884-899-4162
Facsimile: 884-882-4703
Attorneys for Secured Creditor: Partners for Payment Relief DE IV, LLC

In Re:

Kirsten Harris

Debtor

Case No.:        19-32845-CMG
Chapter:         13
Hearing Date:    05/06/2020
Judge:           Christine M. Gravelle

## STATEMENT OF LAW

Movant is the owner and holder of the second mortgage lien upon the premises commonly known as 1201 Bluebell Drive, Jackson Township, NJ 08527 ("Premises"). The Premises is the primary residence of the Debtor. On or about July 24, 2002, Mortgagor, executed and delivered to GMAC Mortgage Corporation DBA ditech.com, the original lender, a promissory note (the "Note") to evidence and secure the repayment of said sum, together with interest as provided in the Note.

To secure repayment of the Note, Mortgagor executed and delivered a mortgage of even date (the "Mortgage"), wherein it mortgaged the Mortgaged Property to GMAC Mortgage Corporation DBA ditech.com. The Mortgage was duly recorded on August 7, 2002, in the Ocean County Clerk's Office in Book No. 10950 on Page 0743, and as Instrument Number 2002138565.

Secured Creditor is owner and holder of the note and mortgage by virtue of an Assignment of Mortgage dated July 27, 2015 and recorded on September 16, 2015, in the Ocean County Clerk's

Office, in Book 16189, at Page 1868, and as Instrument Number 2015093376. By virtue of the Assignment of Mortgage together with the Note, Plaintiff became the holder of the Mortgage.

Movant, as second lien holder, is attempting to file its Proof of Claim in the matter as it is required to do. Pursuant to Federal Rule of Bankruptcy Procedure 3002, a creditor must file a Proof of Claim within ninety days of the initial date of the Meeting of Creditors. That deadline was February 14, 2020. The subject loan was inadvertently and mistakenly closed out of the servicer's system and removed from its reporting at the time the instant bankruptcy case was filed. The file was reactivated, and the problem was rectified as soon as the servicer became aware of the issue, but at that time, the deadline to file a Proof of Claim had passed.

Bankruptcy Rule of Civil Procedure 9006 grants the Court discretion in allowing a late filed Proof of Claim where the deadline was missed due to excusable neglect, subject to the specifications of Rule 3002(c). While case law suggests that there are few exceptions to this rule, In re Dennis, 230 B.R. 244, 254 (Bankr. D.N.J. 1999), exceptions have been made if equity requires it.

For example, this Court held that the IRS could file a late Proof of Claim when the motion was filed after the expiration of the 180-day filing deadline. In re Forrester, No. 91-36637, 1994 Bankr. LEXIS 2345 at *18-22 (Bankr. D.N.J. 1994). In that case, neither the Proof of Claim nor the Motion for Extension of Time was filed timely because the IRS could not precisely determine the amount of the Claim. Id. The Trustee conceded, however, that although no Proof of Claim was ever filed, that the IRS had acted in good faith in the delay, and that the debtor would not be prejudiced as no distributions of assets had been made. Id.

Here, as in Forrester, Movant has acted in good faith by immediately retaining the undersigned counsel to represent it and immediately filing the instant Motion to try and rectify the problem as expeditiously as possible. Similarly, no disbursements under the Plan have been made,

and the Plan has not been confirmed. The Confirmation hearing is currently set for April 7, 2020. Should Movant's claim be disallowed, Movant will be severely prejudiced as it will be unable to collect on its judgment or secured lien during the pendency of the Bankruptcy.

Wherefore, equity requires that Movant's late claim be allowed and deemed timely, and payments to Movant be disbursed under the Plan.

WALDMAN & KAPLAN, P.A.

/s/ Farha Ahmed
By: Farha Ahmed, Esq.
Attorney ID # 01062-2009

Dated: April 2, 2020

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br>WALDMAN & KAPLAN, P.A.<br>By: Farha Ahmed, Esquire<br>174 Nassau Street, Suite 313<br>Princeton, NJ 08542<br>PO BOX 5162 Largo FL 33779<br>Telephone: 884-899-4162<br>Facsimile: 884-882-4703<br>Attorneys for Secured Creditor: Partners for Payment Relief DE IV, LLC | |
| In Re:<br><br>Kirsten Harris<br><br>Debtor | Case No.:        19-32845-CMG<br>Chapter:         13<br>Hearing Date:  05/06/2020<br>Judge:            Christine M. Gravelle |

## ORDER GRANTING MOTION TO DEEM LATE FILED PROOF OF CLAIM AS TIMELY FILED

The relief set forth on the following pages, numbered two (2) through _____2_____ is **ORDERED**.

**BEFORE ME** came to be considered the motion of Secured Creditor, Partners for Payment Relief DE IV, LLC, (herein after referred to as "Secured Creditor") for an Order Granting its Motion to Deem Late Filed Proof of Claim as Timely Filed. Upon consideration of the papers and for good cause shown it is

**ORDERED** that:

1. Secured Creditor, Partners for Payment Relief DE IV, LLC's Motion to Deem Late Filed Proof of Claim as Timely Filed is hereby GRANTED.

2. Secured Creditor, Partners for Payment Relief DE IV, LLC's Proof of Claim No. 4 is hereby allowed and treated as a timely filed claim.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

WALDMAN & KAPLAN, P.A.
By: Farha Ahmed, Esquire
174 Nassau Street, Suite 313
Princeton, NJ 08542
Telephone: 844-899-4162
Facsimile: 844-882-4703
Attorneys for Movant: Partners for Payment Relief DE IV, LLC

Case No.: 19-32845-CMG
Chapter: 13

In Re:
Kirsten Harris
Debtor

Adv. No.:
Hearing Date:
Judge: Christine M. Gravelle

## CERTIFICATION OF SERVICE

1. I, _____Lynne VanHoozen_____ :

   ☐ represent _____ in this matter.

   ☒ am the secretary/paralegal for _____Farha Ahmed_____, who represents ReSi Asset Management, LLC in this matter.

   ☐ am the _____ in this case and am representing myself.

2. On _____April 2, 2020_____, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below.
   Motion to Deem Late Filed Proof of Claim as Timely Filed

3. I certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Date: April 2, 2020                    /s/Lynne VanHoozen
                                        Signature

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Kirsten Harris<br>1201 Bluebell Drive<br>Jackson, NJ 08527 | Debtor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other  CM/ECF<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| James J. Cerbone<br>2430 Highway 34, Building B<br>Suite 22<br>Wall, NJ 08736 | Debtor(s) Attorney | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☒ Other  CM/ECF<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Albert Russo<br>Standing Chapter 13 Trustee<br>CN 4853<br>Trenton, NJ 08650-4853 | Trustee | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☒ Other  CM/ECF<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| U.S. Trustee<br>US Dept of Justice<br>Office of the US Trustee<br>One Newark Center Ste 2100<br>Newark, NJ 07102 | U.S. Trustee | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☒ Other  CM/ECF<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
|  |  | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ Other<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |