| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br>WALDMAN & KAPLAN, P.A.<br>By: Farha Ahmed, Esquire<br>174 Nassau Street, Suite 313<br>Princeton, NJ 08542<br>PO BOX 5162 Largo FL 33779<br>Telephone: 884-899-4162<br>Facsimile: 884-882-4703<br>Attorneys for Secured Creditor: Partners for Payment Relief DE IV, LLC |
| In Re:<br><br>Kirsten Harris<br><br>Debtor |

Case No.:       19-32845-CMG
Chapter:        13
Hearing Date:   04/07/2020
Judge:          Christine M. Gravelle

## SECURED CREDITOR, PARTNERS FOR PAYMENT RELIEF DE IV, LLC'S OBJECTION TO PLAN

**COMES NOW, SECURED CREDITOR**, Partners for Payment Relief DE IV, LLC (herein after referred to as "Secured Creditor"), by and through its undersigned counsel, and hereby files this Objection to the Modified Chapter 13 Plan [DE # 22] filed by the Debtor and States as grounds the following:

1. On or about December 6, 2019, the Debtor filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code. [DE #1].

2. On or about December 6, 2019, the Debtor filed her proposed Chapter 13 plan. [DE # 2].

3. On or about March 16, 2020, the Debtor filed her Modified Chapter 13 Plan. [DE # 22].

4. Secured Creditor claim is secured by a mortgage encumbering the real property owned by

Debtor located 1201 Bluebell Drive, Jackson Township, NJ 08527 (hereinafter "The Property").

5. Secured Creditor is the owner and holder of the note and mortgage and has the right to enforce the note and mortgage.

6. Secured Creditor has filed its Proof of Claim as proposed Proof of Claim No. 4. Since Secured Creditor missed the February 14, 2020 deadline, it has also filed a Motion to Deem Late Filed Proof of Claim as Timely Filed.

7. Furthermore, the current monthly payment is $68.27 of which the Plan pays $0.00, creating a monthly deficit of $68.27. The estimated pre-petition arrears are $6,307.84, which the Plan proposes to pay $0.00 over the course of 60 months leaving a deficiency in the amount of $6,307.84. A Plan which does not pay all of the pre-petition arrears in full does not result in a discharge and entitles Secured Creditor to seek its rights under the Mortgage under In re Euliano, 442 BR 177 [Bankr D Mass 2010].

8. The Debtor's schedules I and J show that the Debtor will have difficulty trying to pay as stated in the Plan to Secured Creditor given the fact that Debtor should be paying approximately $105.13 in arrears and $68.27 in the regular monthly payments totaling a payment around $173.40. Even if the Debtor amended her Plan, it will be difficult for the Debtor to maintain the proposed plan payments taking into account the Debtor's expenses. Therefore, the confirmation of the Chapter 13 plan should be denied pursuant to 11 U.S.C. §1325(a)(6) because the Debtor will not be able to make all payments under the Plan or comply with the Plan. The Debtor lacks the income necessary to cure the arrearages and by the regularly monthly payment with all other creditors and the Debtor's expenses as indicated in Paragraph 7 above.

9. Secured Creditor is entitled to attorneys' fees pursuant to 11 U.S.C. §1322(e). Said fees should be added to the balance of the Note and Mortgage pursuant to the terms of the loan documents, but not added to the Debtor's personal obligation once a discharge is received.

**WHEREFORE, PREMISES CONSIDERED,** Secured Creditor prays that the Debtor's Chapter 13 Plan be amended to include the correct arrearage and regular monthly payment to Secured Creditor or grant Secured Creditor in rem relief from stay together with fees as set forth in paragraph 9 above, and for any other relief this Honorable Court deems Secured Creditor is entitled.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was provided via electronic and/or Regular U.S. Mail to the parties listed on the attached certificate of service this 2nd Day of April 2020

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States Bankruptcy Court for the District of New Jersey, and I am in compliance with the additional qualifications to practice in this Court set forth in the Local Rules.

                                          **Waldman & Kaplan, P.A**
                                          174 Nassau Street, Suite 313
                                          Princeton, NJ 08542
                                          Telephone: 844-899-4162
                                          Facsimile: 844-882-4703
                                          Email: farha@dwaldmanlaw.com
                                          Attorneys for Secured Creditor

                                          By: /s/ Farha Ahmed
                                          Farha Ahmed, Esq.
                                          Attorney ID # 01062-2009

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

WALDMAN & KAPLAN, P.A.
By: Farha Ahmed, Esquire
174 Nassau Street, Suite 313
Princeton, NJ 08542
Telephone: 844-899-4162
Facsimile: 844-882-4703
Attorneys for Movant: Partners for Payment Relief DE IV, LLC

| | |
|---|---|
| Case No.: | 19-32845-CMG |
| Chapter: | 13 |
| Adv. No.: | |
| Hearing Date: | |
| Judge: | Christine M. Gravelle |

In Re:
 Kirsten Harris

Debtor

## CERTIFICATION OF SERVICE

1. I, _____Lynne VanHoozen_____ :

   ☐ represent _____ in this matter.

   ☒ am the secretary/paralegal for _____Farha Ahmed_____, who represents ReSi Asset Management, LLC in this matter.

   ☐ am the _____ in this case and am representing myself.

2. On _____April 2, 2020_____, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below.
   Objection to Chapter 13 Plan

3. I certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Date: April 2, 2020                        /s/Lynne VanHoozen
                                            Signature

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Kirsten Harris<br>1201 Bluebell Drive<br>Jackson, NJ 08527 | Debtor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other CM/ECF<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| James J. Cerbone<br>2430 Highway 34, Building B<br>Suite 22<br>Wall, NJ 08736 | Debtor(s) Attorney | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☒ Other CM/ECF<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Albert Russo<br>Standing Chapter 13 Trustee<br>CN 4853<br>Trenton, NJ 08650-4853 | Trustee | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☒ Other CM/ECF<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| U.S. Trustee<br>US Dept of Justice<br>Office of the US Trustee<br>One Newark Center Ste 2100<br>Newark, NJ 07102 | U.S. Trustee | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☒ Other CM/ECF<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
|  |  | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ Other<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |